### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SEEMA NAYYAR<br>7320 Clover Park Way<br>Dublin, Ohio 43016<br><br>  Plaintiff,<br><br>v.<br><br>REIMER LAW CO.<br>c/o Dennis Reimer<br>30455 Solon Road<br>Solon, Ohio 44139<br><br>and<br><br>NEW RESIDENTIAL MORTGAGE, LLC<br>c/o CT Corporation System<br>4400 Easton Common Way, Suite 125<br>Columbus, Ohio 43219<br><br>and<br><br>LOANCARE, LLC<br>c/o CT Corporation System<br>4400 Easton Common Way, Suite 125<br>Columbus, Ohio 43219<br><br>  Defendants. | CASE NUMBER: 2:19-cv-2662<br><br>JUDGE: |

### COMPLAINT FOR MONEY DAMAGES

### JURY DEMAND ENDORSED HEREIN

The following allegations are based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief. Plaintiff, through counsel, alleges as follows:

1

## I. INTRODUCTION

1. Plaintiff Seema Nayyar purchased her dream home in 2004. She was young and determined to pay off her home in 20 years. She has never missed a mortgage payment. She is now only a few years away from realizing that dream and has substantial equity in the home. Unfortunately, Plaintiff's mortgage company mishandled her account and erroneously put it in default. Worse yet, it hired Defendant Reimer Law Co. ("Reimer") to file a foreclosure lawsuit against Plaintiff. It did so even though it was prohibited from going forward with the lawsuit under federal law. Plaintiff's mortgage company then declared bankruptcy and sold the mortgage to Defendant New Residential Mortgage, LLC ("NewRez"). NewRez assigned servicing rights for the mortgage to Defendant LoanCare, LLC ("LoanCare"). Now, both NewRez and LoanCare are demanding payments they are not entitled to in violation of federal law. As a result, Plaintiff incurred legal fees and damages, including but not limited to unwarranted fees, costs, and interest on the mortgage, increased homeowner association dues, and the severe emotional distress associated with the prospect of all of her years of hard work being in vain.

## II. PRELIMINARY STATEMENT

2. Plaintiff institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## III. JURISDICTION

3. This Court has subject matter jurisdiction over Count One and Count Two under the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

4. The Court has personal jurisdiction over all named Defendants because all named Defendants transact business within this District, the loan at issue was incurred within this District, and the property which was the subject of the loan at issue is located within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

5. Venue is proper in accordance with 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and the property is located in this judicial district.

**IV. PARTIES**

6. Plaintiff is a natural person currently residing within this Court's jurisdiction at 7320 Clover Park Way, Dublin, Ohio 43016.

7. At all relevant times, Plaintiff was and is a consumer within the meaning of the FDCPA at 15 U.S.C. § 1692a(3).

8. At all relevant times, Reimer was a law firm with its principal place of business in Ohio.

9. At all relevant times, Reimer was and is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

10. Reimer regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

11. NewRez is an LLC organized under the laws of the State of Delaware with its principal place of business in New York.

12. At all relevant times, NewRez was and is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

13. LoanCare is an LLC organized under the laws of the State of Virginia with its principal place of business in Virginia.

14. At all relevant times, LoanCare was and is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

15. At all relevant times, the note and mortgage at issue in this case is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5).

## V. FACTUAL ALLEGATIONS

16. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

17. Each action or inaction alleged herein against Defendants are also allegations of action or inaction by Defendants' agents, predecessors, successors, employees, contractors, assignees, assignors, and servicers, as appropriate.

18. On or about February 6, 2004, Plaintiff financed the residential real property located at 7320 Clover Park Way, Dublin, Ohio 43016 ("Home") with a note secured by a mortgage (collectively the "Mortgage Loan").

19. At all times relevant Plaintiff lived in her Home.

20. Plaintiff never missed a mortgage payment on the Mortgage Loan.

21. At all times relevant, Plaintiff's mortgage loan was never 120 days past due.

22. The Mortgage Loan did not require Plaintiff to pay taxes and insurance directly to the bank.

23. Instead, Plaintiff paid real estate taxes and insurance directly to the charging parties.

24. Plaintiff's Mortgage Loan was a "non-escrow" loan.

25. Plaintiff has timely paid real estate taxes and her home owners insurance each and every years since the Mortgage Loan originated.

26. Servicing of this loan was transferred several times.

27. At each transfer, each mortgage servicer recognized this loan as a non-escrow loan and did not correct nor pay amounts for real estate taxes or homeowners insurance.

28. The loan servicing ultimately transferred to Ditech Financial, LLC ("Ditech").

29. Ditech began erroneously demanding additional mortgage payments from Plaintiff to capture amounts necessary to pay homeowners insurance.

30. Plaintiff was current on her payments for homeowners insurance.

31. Oddly, Ditech did not demand additional escrow payments for taxes – only homeowners insurance.

32. Plaintiff did not regularly review her mortgage statements because the Mortgage Loan was a fixed rate requiring the same payment each month, which she paid electronically through her bank.

33. Plaintiff did not realize Ditech had begun incorrectly demanding additional moneys when this appeared to have started in 2016.

34. Because Ditech demanded additional moneys and Plaintiff did not pay those erroneous additional demands, Ditech began charging late fees.

35. Ditech's late fees and erroneous escrow charges began adding up, and Ditech eventually began placing Plaintiff's payments into a suspense account, causing the Mortgage Loan to appear behind.

36. When Plaintiff became aware of Ditech's error, she contacted Ditech multiple times to resolve its error.

37. Eventually, Plaintiff had a representative of Ditech on the telephone with her insurance agent's office to verify that Plaintiff had paid her insurance timely each and every year.

38. During that phone call, Plaintiff discovered that Ditech was sending funds to her insurance company but misidentifying the account number for Plaintiff's insurance policy.

39. Thus, Ditech was paying into an insurance policy that was not even the policy for Plaintiff.

40. It is unknown whether those funds were returned to Ditech or how Ditech accounted for those funds sent to the wrong insurance policy.

41. Plaintiff continued to have conversations with Ditech over a period of months, consuming hours upon hours of their time.

42. Eventually, a customer service representative was able to determine that it was, in fact, Ditech's fault that the insurance was improperly escrowed and that it was Ditech's fault that the loan had been reported as past due.

43. In or around 2018, Ditech hired Reimer to file a foreclosure lawsuit against Plaintiff.

44. Reimer failed to review the account and identify the above errors.

45. On or about November 24, 2018, Reimer sent Plaintiff a letter notifying her of its intent to file a foreclosure lawsuit.

46. On or about December 17, 2018, Reimer filed a foreclosure lawsuit in Franklin County Court of Common Pleas captioned *Ditech Financial, LLC. V. Seema Nayyar, et al.,* Case no. 18 CV 10517. Exhibit A.

47. Federal law prohibited Reimer from filing the foreclosure lawsuit against Plaintiff. See 12 C.F.R. 1024.41(f)(1)(i).

48. As a result of Reimer's actions, Plaintiff had to retain counsel and incurred attorney fees.

49. As a result of Reimer's actions, Plaintiff's homeowners association assessed legal fees against her for its participation as a named party in the foreclosure lawsuit.

50. As a result of Reimer's actions, Plaintiff suffered embarrassment of having a public record showing a foreclosure lawsuit filed against her on a home she has nearly paid off.

51. On or about February 11, 2019, Ditech filed for Chapter 11 Bankruptcy Protection in in the United States Bankruptcy Court Southern District of New York, Petition No. 19-104121-mew.

52. In or around April 2019, Ditech sold the loan to New Residential Mortgage, LLC.

53. In or around April 2019, NewRez assigned servicing rights to LoanCare.

54. NewRez treated the loan as if it was in default when it obtained its interest, if any.

55. LoanCare treated the loan as if it was in default when it obtained servicing rights.

56. Both NewRez and LoanCare have sent communications to Plaintiff demanding money to which they are not entitled.

57. On or about April 16, 2019, NewRez sent Plaintiff a monthly statement (the "April 16th Statement").  Exhibit B.

58. The April 16th Statement claimed a past due payment in the amount of $1,575.02.

59. The April 16th Statement showed an "unapplied balance" of $1,540.02.

60. The April 16th Statement showed $1,347.00 in "Fees & Charges" had been assessed to date on the Mortgage Loan.

61. The April 16th Statement claimed a total amount due of $1,610.02.

62. As of that date, Plaintiff was current on her loan.

63. On or about April 17, 2019, LoanCare sent Plaintiff a letter claiming she had not made her April 17, 2019 payment.  Exhibit C.

64. At the time, Plaintiff had already paid her April 2019 payment.

65. On or about May 17, 2019, LoanCare sent Plaintiff a letter claiming she had not made her May 2019 payment.  Exhibit D.

66. At the time, Plaintiff had already paid her May 2019 payment.

67. As of the date of the filing of this Complaint, NewRez and LoanCare continue to send communications and monthly statements to Plaintiff that are incorrect.

68. As a result of NewRez and LoanCare's actions, Plaintiff has suffered damages, including but not limited to excessive fees, costs, interest and charges assessed against the loan.

69. As a result of all named Defendants' actions, Plaintiff suffers severe emotional distress, including anxiety, stress, and sleepless nights.

70. As a result of all named Defendants' actions, Plaintiff incurred the legal fees and expenses of brining this lawsuit.

**VI. FIRST COUNT – FDCPA - Reimer**

71. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

72. Reimer's actions described in this Complaint constitute violations of the FDCPA, 15 U.S.C. § 1692, *et seq.*

73. The Mortgage Loan is a purported obligation of a consumer to pay money arising out of a consumer transaction in which the subject of the transaction is and was primarily for personal, family, or household purposes.

74. Reimer's actions constitute false, deceptive, or misleading representations in connection with the collection of the debt in violation of 15 U.S.C. § 1692e, including but not limited to:

    a. Falsely representing its ability to collect on the alleged debt in violation of the FDCPA, 15 U.S.C. 1692e(5);

    b. Falsely representing the legal status, character, or amount of the debt in violation of the FDCPA, 15 U.S.C. 1692e(2)(A).

75. Reimer's actions constitute unfair or unconscionable means in connection with the collection of the debt in violation of 15 U.S.C. § 1692f, including but not limited to:

    a. Attempting to collect interest, fees, charges and expenses that are not expressly authorized by the note and mortgage in violation of FDCPA, 15 U.S.C. 1692f(1).

76. As a result of Reimer's actions and communications to collect a debt, Plaintiff suffered emotional distress, sleepless nights, excessive stress, and anxiety.

77. As a further result of Reimer's actions and communications to collect a debt, Plaintiff incurred actual damages, including but not limited to: foreclosure defense costs and increased charges assessed against her account from her homeowners association.

78. Reimer is liable to Plaintiff for damages, including but not limited to her actual damages, including under 15 U.S.C. § 1692k(a)(2)(A); the costs of this action and attorney fees, including pursuant to 15 U.S.C. § 1692k(a)(3), and other relief as this Court deems just and necessary.

**VI. SECOND COUNT – FDCPA – NewRez & LoanCare**

79. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

80. NewRez and LoanCare's actions described in this Complaint constitute violations of the FDCPA, 15 U.S.C. § 1692, *et seq.*

81. NewRez and LoanCare's actions constitute false, deceptive, or misleading representations in connection with the collection of the debt in violation of 15 U.S.C. § 1692e, including but not limited to:

    a. Falsely representing the legal status, character, or amount of the debt in violation of the FDCPA, 15 U.S.C. 1692e(2)(A).

    b. Falsely representing its ability to collect on the alleged debt in violation of the FDCPA, 15 U.S.C. 1692e(5).

82. NewRez and LoanCare's actions constitute unfair or unconscionable means in connection with the collection of the debt in violation of 15 U.S.C. § 1692f, including but not limited to:

    a. Attempting to collect interest, fees, charges and expenses that are not expressly authorized by the note and mortgage in violation of FDCPA, 15 U.S.C. 1692f(1).

83. As a result of NewRez and LoanCare's actions and communications to collect a debt, Plaintiff suffered emotional distress, sleepless nights, excessive stress, and anxiety.

84. As a further result of NewRez and LoanCare's actions and communications to collect a debt, Plaintiff incurred actual damages, including but not limited to: excessive fees, costs, interest, and charges assessed against the loan.

85. NewRez an LoanCare are liable to Plaintiff for damages including, but not limited to, her actual damages including under 15 U.S.C. § 1692k(a)(2)(A); the costs of this action and attorney fees, including pursuant to 15 U.S.C. § 1692k(a)(3) and other relief as this Court deems just and necessary.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court:

86. Assume jurisdiction of this case;

87. Award Plaintiff maximum damages on the Counts, including the maximum statutory damages available, the maximum economic and non-economic damages available, including actual, emotion, general, punitive, and other damages;

88. Award Plaintiff actual damages to be established at trial including pursuant to 15 U.S.C. § 1692(k)(a)(1);

89. Award Plaintiff statutory damages in the amount of at least $1,000, plus attorney fees, and costs of the action, including pursuant to 15 U.S.C. § 1692k(a)(2)(A);

90. Declare all named Defendants' actions violate the FDCPA;

91. Award Plaintiff additional damages and costs; and

92. Award such other relief as the Court deems appropriate.

Dated this 24th day of June, 2019

Respectfully Submitted,
DOUCET & ASSOCIATES CO., L.P.A.


*/s/ Andrew J. Gerling*_____
Andrew J. Gerling (0087605)
*Attorney for Plaintiff Seema Nayyar*
700 Stonehenge Parkway, Suite 2B
Dublin, OH  43017
PH:  614-944-5219
FAX:  818-638-5548
andrew@doucet.law


**JURY TRIAL DEMANDED**

Plaintiff respectfully requests a jury trial on all triable issues.


*/s/ Andrew J. Gerling*_____
Andrew J. Gerling (0087605)